UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KATRINA WRIGHT,

        Plaintiff,                      Hon. Ellen S. Carmody

v.

                                      Case No. 1:16-cv-1267

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## OPINION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

# **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to

the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff was 40 years of age on her alleged disability onset date. (PageID.298, 319). She possesses a ninth grade education and has no past relevant work experience. (PageID.74, 138). Plaintiff applied for benefits on October 8, 2013, alleging that she had been disabled since June 20, 2013, due to lymphoma of her lower spine[1], fibromyalgia, rheumatoid arthritis, osteoarthritis, "cervical lumbar," depression, anxiety, stress, and high blood pressure. (PageID.298-308, 319, 329). Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (PageID.151-296).

On August 31, 2015, Plaintiff appeared before ALJ Howard Kauffman with testimony being offered by Plaintiff and a vocational expert. (PageID.100-149). On December 10, 2015, the ALJ held a supplemental hearing at which a vocational expert testified. (PageID.81-99). In a written decision dated December 24, 2015, the ALJ determined that Plaintiff was not disabled. (PageID.61-75). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.25-30). Plaintiff

---

[1] There is no indication in the record that Plaintiff suffered lymphoma. Instead, Plaintiff experienced a lipoma in her lumbosacral region. (PageID.64, 554). A lipoma is a benign "fatty lump" which "usually is harmless." *See* Lipoma, available at https://www.mayoclinic.org/diseases-conditions/lipoma/symptoms-causes/syc-20374470 (last visited on January 29, 2018).

3

subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## **ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[2] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in

---

[2] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

4

the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from: (1) degenerative arthritis of the cervical and lumbar spines; (2) fibrolipoma status post surgery; (3) obesity; (4) fibromyalgia; (5) depression; and (6) anxiety, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.64-67).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform light work subject to the following limitations: (1) she cannot work in any position for longer than 60 minutes without being allowed to assume a different position for five minutes; (2) she must be permitted to use a cane in her non-dominant hand when standing and walking; (3) she can never climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs; (4) she can only occasionally balance, stoop, kneel, crouch, or crawl; (5) she can perform frequent, but not constant, fine and gross manipulation activities with her hands; (6) she cannot work at unprotected heights, around exposed flames, or around large bodies of water; (7) she must avoid concentrated exposure to unguarded, hazardous machinery; (8) she is limited to simple, routine, and repetitive tasks and work that involves no more than simple decision-making, occasional and minor changes in the work setting, and exercise of simple

judgment; (9) she can work at no more than an average production rate and the work cannot include extremely variable production rates; and (10) she can tolerate brief and superficial interaction with the public and co-workers, but not direct public service work. (PageID.67).

The ALJ found that Plaintiff had no past relevant work experience at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, her limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed approximately 114,500 jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (PageID.86-93). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006). Accordingly, the ALJ concluded that Plaintiff was not entitled to disability benefits.

**I.         The ALJ Properly Evaluated Plaintiff's Impairments**

As noted above, the ALJ determined that Plaintiff suffers from multiple severe impairments. Plaintiff argues, however, that she is entitled to relief because the ALJ failed to also find that she also suffers from a personality disorder. At step two of the sequential disability analysis articulated above, the ALJ must determine whether the claimant suffers from a severe impairment. Where the ALJ finds the presence of a severe impairment at step two and proceeds to continue through the remaining steps of the analysis, the alleged failure to identify as severe some other impairment constitutes harmless error so long as the ALJ considered the entire medical record in rendering his decision. *See Maziarz v. Sec'y of Health and Human Services*, 837 F.2d 240, 244 (6th Cir. 1987); *Kirkland v. Commissioner of Social Security*, 528 Fed. Appx. 425, 427 (6th Cir., May 22, 2013) ("so long as the ALJ considers all the individual's impairments, the failure to find additional severe impairments. . .does not constitute reversible error"). The ALJ considered the entire record and concluded that Plaintiff could perform a limited range of light work. While the record contains very little evidence concerning Plaintiff's non-exertional impairments, such sufficiently supports the ALJ's RFC determination.

On December 30, 2013, Plaintiff participated in a consultive psychological examination conducted by Anne Kantor, M.A., L.L.P. (PageID.518-24). With respect to Plaintiff's mental status, Kantor described Plaintiff as exhibiting "adequate contact with reality" with "no evidence of psychomotor agitation or retardation." (PageID.521). Plaintiff exhibited no difficulties providing information from memory. (PageID.520). While Plaintiff was "extremely focused on herself and her symptoms," and "complained at length about having to

7

answer interview questions," she did not exhibit any abnormal mental trends or thought content. (PageID.521-22).

Kantor diagnosed Plaintiff with: (1) history of cocaine use; (2) adjustment disorder with mixed anxiety and depressed mood; (3) insomnia; and (4) unspecified personality disorder. (PageID.523). Kantor further reported that Plaintiff "is capable of understanding, remembering and carrying out simple instructions and making decisions regarding simple work related matters." (PageID.523). However, based upon Plaintiff's reports of "interpersonal problems in the workplace," Kantor further reported that Plaintiff "is likely to continue to have marked difficulty interacting appropriately with others and succeeding in the workplace due to factors associated with her personality traits." (PageID.523).[3]

The record also contains counseling treatment notes from October 2014 through July 2015. (PageID.855-79). While these treatment notes confirm that Plaintiff experiences emotional difficulties, such do not suggest that Plaintiff's ability to function is more limited than the ALJ recognized. The Court notes that none of Plaintiff's examiners or care providers articulated limitations which are inconsistent with the ALJ's RFC assessment. In sum, the ALJ's RFC assessment is supported by substantial evidence. Accordingly, this argument is rejected.

---

[3] Plaintiff's argument that the ALJ "ignored" Kantor's assessment is not persuasive, as the ALJ discussed at length the results of this consultive examination. (PageID.69).

## **CONCLUSION**

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**. A judgment consistent with this opinion will enter.


Dated: February 6, 2018                                       /s/ Ellen S. Carmody
                                                                                                     ELLEN S. CARMODY
                                                                                                     U.S. Magistrate Judge